## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

THOMAS C. SMITH,               :

     Plaintiff,               :

vs.                            :          CA 09-0244-C

MICHAEL J. ASTRUE,             :
Commissioner of Social Security,
                               :
     Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff brings this action, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying his claim for disability insurance benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (*See* Docs. 17 & 20 ("In accordance with provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the administrative

record, plaintiff's brief, and the Commissioner's brief,[1] it is determined that the decision to deny benefits should be reversed and this cause remanded to the Commissioner of Social Security for further consideration not inconsistent with this decision.[2]

Plaintiff alleges disability due to left eye blindness and status-post open reduction internal fixation of left wrist fracture. The Administrative Law Judge (ALJ) made the following pertinent findings:

> **3.    The claimant has the following severe impairments: left eye blindness and status post open reduction internal fixation of left wrist fracture (20 CFR 404.1520(c)).**
>
> .    .    .
>
> **4.    The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).**
>
> .    .    .
>
> **5.    After careful consideration of the entire record, the undersigned finds that the claimant has the residual**

---

[1]    Oral argument in this action was waived by the parties. (*See* Doc. 22)

[2]    Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 17 & 20 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

**functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except the work must not require binocular vision to complete tasks.**

.     .     .

It is not disputed the claimant required a left wrist open reduction internal fixation following an accident in 1999. But his assertions of a complete inability to engage in substantial gainful activity is simply not supported by the record. Although Dr. Travis concluded the claimant would have difficulty performing physical activities requiring full left wrist range of motion, grip strength was 5/5, and there was no significant evidence of joint, hand, wrist, elbow, or shoulder deformities.

.     .     .

Controlling weight is given to the findings and opinions expressed by Dr. Travis because it is the only examination of record regarding the severe impairments. The evidence shows the claimant would have difficulty performing work related physical activities that require binocular vision and full left wrist range of motion. However, the claimant continued to work in various occupations with the impairments, and he currently performs household and yard work tasks with no routine medication requirements.

Therefore, based on the above, the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except the work must not require binocular vision to complete tasks.

**6.     The claimant is capable of performing past relevant work as a laborer. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).**

The vocational expert testified the past relevant work was

classified as medium to heavy in exertional demand with no binocular vision requirement. In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed. Most importantly, as noted above, the claimant has admitted that he currently performs household and yard tasks. For the above reasons, the claimant is capable of performing past relevant work as a laborer, and this work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

However, assuming the claimant could establish he could not perform his past relevant work because of his impairments and could only perform light work that required no binocular vision to complete required tasks, the burden would shift to the Social Security Administration to show that there are other jobs existing in significant numbers in the national economy that the claimant could perform, consistent with his residual functional capacity, age, education and work experience. The vocational expert testified that such an individual could perform the following jobs[:] laundry worker (DOT No. 361.137.010) with 10,000 jobs in Alabama; clothing presser (DOT No. 323.685.019) with 10,000 jobs in Alabama; or production inspector (DOT No. 699.130.010) with 10,000 jobs in Alabama. In addition, the vocational expert indicated the representative occupations existed in significant numbers in the national economy. Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.

Therefore, the claimant is capable of performing his past relevant work as a laborer or the above listed occupations in the alternative. In the alternative, based on a residual functional capacity for a limited range of light work, considering the claimant's age, education, and work experience, a finding of "not disabled" is appropriate within the framework of Medical-Vocational Rule 202.14.

> **7.     The claimant has not been under a disability, as defined in the Social Security Act, from February 21, 2006, through the date of this decision (20 CFR 404.1520(f)).**

(Tr. 52, 53, 54 & 54-55 (emphasis in original; some internal citations omitted))

The Appeals Council affirmed the ALJ's decision (Tr. 1-4) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## <u>DISCUSSION</u>

In all Social Security cases, the claimant bears the burden of proving that he is unable to perform his previous work. *Jones v. Bowen,* 810 F.2d 1001 (11th Cir. 1986).  In evaluating whether the claimant has met this burden, the examiner must consider the following four factors:  (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history.  *Id.* at 1005. Once the claimant meets this burden, it becomes the Commissioner's burden to prove that the claimant is capable, given his age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy.  *Sryock v. Heckler,* 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the

Commissioner's decision to deny claimant benefits, on the basis that Smith can perform his past relevant work as a laborer, or alternatively, can perform certain light jobs identified by the vocational expert, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[3]

Plaintiff contends that the ALJ (1) erred in failing to identify any limitations resulting from the severe impairment of status-post open reduction internal fixation of left wrist fracture; and (2) he erred in failing to obtain a residual functional capacity assessment from a treating or examining physician. In addition, it is plaintiff's contention that the Appeals Council erred in failing to consider the report of Dr. John Goff. Because the Court can discern no substantial evidence in the record which supports the ALJ's determination that plaintiff can perform either medium or light work and,

---

[3]      This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen,* 826 F.2d 996, 999 (11th Cir. 1987).

6

therefore, no support for the determination that plaintiff can perform her past relevant medium work as a laborer, or those light jobs identified by the vocational expert, there is no need to address plaintiff's argument regarding the Appeals Council's failure to consider the report of Dr. John Goff. *See Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.").

Although the claimant bears the burden of demonstrating the inability to return to his past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). Social Security Ruling 82-61 recognizes three possible tests for determining whether or not a claimant retains the capacity to perform his past relevant work.  They are as follows:

> 1.     Whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job, e.g., "delivery job," "packaging job," etc.[4]
>
> 2.     Whether the claimant retains the capacity to perform the particular functional demands and

---

[4]     As recognized in the ruling, use of this test is likely to be "fallacious and insupportable" because "[w]hile 'delivery jobs,' 'packaging jobs,' etc., may have a common characteristic, they often involve quite different functional demands and duties requiring varying abilities and job knowledge."

> job duties peculiar to an individual job as he or
> she actually performed it.
>
> 3.      Whether the claimant retains the capacity
> to perform the functional demands and job duties
> of the job as ordinarily required by employers
> throughout the national economy.[5]

Under § 404.1520(e) of the Commissioner's regulations, a claimant will be found to be "not disabled" when it is determined that he retains the residual functional capacity to perform the actual functional demands and job duties of a particular past relevant job or the functional demands and job duties of the occupation as generally required by employers throughout the national economy.  SSR 82-61.

In this case, the ALJ relied upon a combination of tests two and three above to determine that the claimant can perform his past relevant work as a laborer. (*See* Tr. 54-55 ("The vocational expert testified the past relevant work was classified as medium to heavy in exertional demand with no binocular vision requirement. In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed."))

Section 404.1520(e) of the Commissioner's regulations requires a

---

[5]      The Dictionary of Occupational Titles' descriptions can be relied upon to define the job as it is usually performed in the national economy.

review and consideration of a plaintiff's residual functional capacity and the physical and mental demands of the past work before a determination can be made that the plaintiff can perform his past relevant work.  Social Security Ruling 82-62 provides that evaluation under § 404.1520(e) "requires careful consideration of the interaction of the limiting effects of the person's impairment(s) and the physical and mental demands of his . . .   PRW to determine whether the individual can still do that work."  *See also Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990) (to support a conclusion that a claimant "is able to return to her past work, the ALJ must consider all the duties of that work and evaluate her ability to perform them in spite of her impairments").

> The RFC to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy) is generally a sufficient basis for a finding of "not disabled."
>
> .       .       .
>
> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision.  Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.

> Sufficient documentation will be obtained to support the decision. Any case requiring consideration of PRW will contain enough information on past work to permit a decision as to the individual's ability to return to such past work (or to do other work). Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate. This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source. Information concerning job titles, dates work was performed, rate of compensation, tools and machines used, knowledge required, the extent of supervision and independent judgment required, and a description of tasks and responsibilities will permit a judgment as to the skill level and the current relevance of the individual's work experience.

SSR 82-62. In finding that a claimant has the capacity to perform a past relevant job, the decision of the Commissioner must contain among the findings, a finding of fact as to the claimant's residual functional capacity, a finding of fact as to the physical and mental demands of the past job/occupation, and a finding of fact that the claimant's residual functional capacity would permit a return to the past job or occupation. *Id.*

It is clear that the ALJ not only need make the foregoing findings but, as well, that such findings must be supported by substantial evidence in the record. In this instance, the ALJ determined that Smith can perform medium work that does not require binocular vision to complete tasks or, alternatively,

light work that does not require binocular vision to complete tasks. (*See* Tr. 53-
55)  "Medium work involves lifting no more than 50 pounds at a time with
frequent lifting or carrying objects weighing up to 25 pounds." 20 C.F.R. §
404.1567(c) (2009).  Social Security Ruling 83-10 recognizes that unskilled
medium jobs require "[u]se of the arms and hands . . . to grasp, hold, and turn
objects[.]" *Id*.[6]

There is simply no evidence in the record which establishes that
plaintiff can perform the lifting or carrying requirements of medium or light
work, nor is there any evidence which establishes that Smith can grasp, hold
and turn objects as required in medium or light jobs. To be sure, Dr. Judy
Travis' consultative examination report contains information from plaintiff
that "[f]or interest and activities he does housework and light yardwork[]"(Tr.
165); however, this report, in addition to concluding that plaintiff would have
"difficulty performing work related physical activities that require[] . . . full
range of motion of his left wrist[,]" (Tr. 168) also references Thomas'

---

[6]     "Light work involves lifting no more than 20 pounds at a time with frequent
lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be
very little, a job is in this category when it requires a good deal of walking or standing, or when
it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be
considered capable of performing a full or wide range of light work, you must have the ability to
do substantially all of these activities." 20 C.F.R. § 404.1567(b) (2009). Social Security Ruling
83-10 provides that unskilled light jobs "require use of arms and hands to grasp and to hold and
turn objects[.]" *Id*.

statements, consistent with his hearing testimony,[7] that he "has pain constantly to varying degrees[,] [t]wisting motions with his wrist makes the pain worse[, and] [h]e has swelling with over use." (Tr. 164) The housework and yard work evidence relied upon the ALJ in determining that plaintiff can perform medium and light work activity decidedly does not establish that plaintiff can perform the lifting, carrying, and manipulative requirements of such work. There is absolutely no physical capacities evidence in the record from a treating, examining, or non-examining source showing that plaintiff can perform the physical requirements of medium or light work activity. In addition, the ALJ failed to perform the function-by-function analysis of RFC required by SSR 96-8p.

> **The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c),** and (d) of 20 CFR 404.1545[8] and 416.945. **Only after that may RFC be**

---

[7]   (*See* Tr. 20, 24 & 26 ("I was working at Lemon Lumber Company and this [] wrist swolled [sic] up so big, you know, I had no use in this hand, you know, I mean, none. . . .And [stacking blocks at Wheel Cut] . . . used to get to me because sometime those big solid blocks come in there and I could like barely, you know, turn them with this [] hand[.] . . . [L]ike I say, I started working [at] Lemon Lumber Company and I was running this saw . . . and pushing that wood all day for, you know, 10 to 12 hours . . . this wrist swolled [sic] up so big I had no use in this left hand and I couldn't even pick up a spoon off the table."))

[8]   "When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis. A limited ability to perform certain physical demands of work

**expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy**.

.     .     .

In disability determinations and decisions made at steps 4 and 5 of the sequential evaluation process in 20 CFR 404.1520 and 416.920, in which the individual's ability to do past relevant work and other work must be considered, the adjudicator must assess RFC.

.     .     .

The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities. At step 4 of the sequential evaluation process, the RFC must not be expressed initially in terms of the exertional categories of "sedentary," "light," "medium," "heavy," and "very heavy" work because the first consideration at this step is whether the individual can do past relevant work as he or she actually performed it.

RFC may be expressed in terms of an exertional category, such as light, if it becomes necessary to assess whether an individual is able to do his or her past relevant work as it is generally performed in the national economy. However, without the initial function-by-function assessment of the individual's physical and mental capacities, it may not be possible to determine whether the individual is able to do past relevant work as it is generally performed in the national economy because particular occupations may not require all of the exertional and nonexertional demands necessary to do the full range of work at a given exertional level.

_____

activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching), may reduce your ability to do past work and other work." 20 C.F.R. § 404.1545(b) (2009).

13

.    .    .

The RFC assessment must address both the remaining
exertional and non-exertional capacities of the individual. . . .
Exertional capacity addresses an individual's limitations and
restrictions of physical strength and defines the individual's
remaining abilities to perform each of seven strength demands:
Sitting, standing, walking, lifting, carrying, pushing, and
pulling. **Each function must be considered separately (e.g.,
"the individual can walk for 5 out of 8 hours and stand for
6 out of 8 hours"), even if the final RFC assessment will
combine activities (e.g., "walk/stand, lift/carry, push/pull")**.
Although the regulations describing the exertional levels of
work and the Dictionary of Occupational Titles and its related
volumes pair some functions, it is not invariably the case that
treating the activities together will result in the same decisional
outcome as treating them separately.

> **It is especially important that adjudicators consider
> the capacities separately when deciding whether an
> individual can do past relevant work.**

.    .    .

In assessing RFC, the adjudicator must discuss the individual's
ability to perform sustained work activities in an ordinary work
setting on a regular and continuing basis (i.e., 8 hours a day, for
5 days a week, or an equivalent work schedule), **and describe
the maximum amount of each work-related activity the
individual can perform based on the evidence available in
the case record.**

SSR 96-8p (emphasis supplied; footnote added; footnote omitted) More

specifically, the ALJ wholly failed to make findings regarding the claimant's

ability to lift and carry weight and perform manipulative tasks with the

14

hands/wrists, findings which are necessary to a proper disposition of this case given the definition of medium and light work. Instead, contrary to SSR 96-8p and case law, the ALJ in this case simply made the conclusory determinations, without any analysis, that plaintiff can perform medium and/or light. *Compare* Tr. 53 & 55 ("**[T]he undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except the work must not require binocular vision to complete tasks.** . . . In the alternative, based on a residual functional capacity for a limited range of light work, considering the claimant's age, education, and work experience, a finding of 'not disabled' is appropriate within the framework of Medical-Vocational Rule 202.14.") *with* SSR 96-8p ("The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.") *and Pasiak v. Astrue,* 2008 WL 2778884, *5 (N.D. N.Y. 2008) ("An ALJ must specify the functions plaintiff is capable of performing and may not simply make conclusory statements regarding a plaintiff's capacities. . . .

Specifically, in determining the RFC under Step Four, an 'RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. § 404.1545 and § 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.'").

Because the record in this case contains no evidence, much less substantial evidence, which establishes that plaintiff can perform the physical requirements of medium or light work--in particular, as same relate to lifting, carrying, and manipulating/handling objects--the Court finds that the ALJ improperly determined not only that Smith retains the residual functional capacity to perform medium work, and, therefore, his past work as a laborer but, as well, that plaintiff retains the residual functional capacity to perform light work.[9] Accordingly, this cause must be remanded to the Commissioner

---

[9]   Put differently, based upon the evidence contained in this record, this Court finds that plaintiff has carried his burden of establishing his inability to return to his past relevant work as a laborer and that the Commissioner has not sustained his burden, at the fifth step of the sequential evaluation process, of demonstrating that other work exists in significant numbers in the national economy that plaintiff is capable of performing.

With respect to the ALJ's alternative fifth-step analysis in this case, it is sufficient to simply note that this burden must be supported by the residual functional capacity (and pain) assessment of a treating or examining physician. Since such information is not made a part of the evidence of record in this case remand is warranted.

16

of Social Security for further proceedings not inconsistent with this decision.

## **CONCLUSION**

The Court **ORDERS** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision.  The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412,  *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 20th day of November, 2009.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**